IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| JOHN PROPHET and ANN PROPHET | § § § |
| VS. | §  CIVIL ACTION NO. H-08-493 |
| PHILLIPS & COHEN ASSOCIATES, LTD. | § § § § |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendant Phillips & Cohen Associates, Ltd. (P&C); the Motion seeks the dismissal of the claims of Plaintiffs, John and Ann Prophet, brought under the Fair Debt Collection Practices Act (FDPCA) for lack of subject matter jurisdiction and the concomitant dismissal of their related state law claims. Having carefully considered the Parties' submissions and the relevant statutory and case law, the Court now issues this Opinion and Order.

Only a thumbnail version of the facts, in the light most favorable to the Prophets, is required to resolve this matter. After the Prophets' adult son had stolen their identity and run-up debt, due Security Credit Services (SCS), in their names without their consent or knowledge, P&C representatives began a relentless debt collection campaign against them by engaging in practices of harassment and intimidation outlawed by the Federal Debt Collection statute.

P&C has launched this "facial attack" against the Prophets' complaint solely on the basis of the allegations in the complaint which, in its opinion, clearly establish a lack of any viable FDCPA claim, even when considered to be true. More specifically, P&C argues that the alleged financial obligation of the Prophets is not a "debt" under the Act; that the Prophets are not

"consumers" under the Act; and that there is no cognizable "transaction" under the Act. For reasons similar to those expressed by Judge Mentz in <u>Byes v. Telecheck Recovery Services, Inc.</u>, 1997 WL 736692 (E.D. La.), this Court respectfully disagrees with P&C's position.

"Debt" is defined in the FDCPA as:

Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

In this case, there is an "alleged" obligation of the Prophets to pay the debt owed to SCS: the method(s) used by their son to incur the debt evidences an obligation to pay for the goods or services he received in return. That obligation, dishonored by the Prophets' son, remains in full force and effect. <u>Bass v. Stolper, Koritzinski, Brewster & Neider</u>, 111 F.3d 1322, 1325 (7th Cir. 1997) (<u>citing</u> <u>Williams v. United States</u>, 458 U.S. 279, 285 (1982))   The fact that the Prophets themselves did not undertake these obligations and may avoid personal responsibility for them has no effect on the applicability of the Act because the Act covers attempts to collect invalid or void obligations. <u>See</u> <u>McCartney v. First City Bank</u>, 970 F.2d 45, 47 (5th Cir. 1992)

Under the FDCPA, "consumer" means "any natural person obligated or *allegedly obligated* to pay any debt." (emphasis added)   The Prophets satisfy the definition of consumer, even though they did not personally run-up the debt, because it has been alleged by SCS and P&C that they are obligated to pay the debt amassed by their son.

While not defined by the Act, Courts generally define "transaction" as meaning an agreement or a consensual undertaking to provide goods or render services for payment. Contrary to P&C's argument, this is not a financial obligation which was directly created by a criminal

offense.  Cf. Shorts v. Palmer, 155 F.R.D. 172 (S.D. Ohio 1994) (A shoplifter's theft of merchandise is not a consumer debt under the FDCPA)   Rather a "transaction" within the coverage of the Act arose in this case when the method used by the Prophets' son was offered and accepted as payment for the goods or services provided in return.  The fact that the Prophets' son may have intentionally perpetrated a fraud is irrelevant; there is no exception for situations of fraudulent intent in creating debt within the provisions of the FDCPA.  Bass, 111 F.3d at 1329-30  Therefore, the Court finds that an actionable "transaction" occurred.

For all of the foregoing reasons, it is the **OPINION** of this Court that "Defendant Phillips & Cohen Associates, Ltd. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Instrument no. 10) is without merit and it is, therefore, **DENIED**.

**DONE** at Galveston, Texas, this _____2nd_____ day of July, 2008.

_____
John R. Froeschner
United States Magistrate Judge

3